**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LEAH C. PITTMAN,
               Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
               Agency.

DOCKET NUMBER
AT-0752-17-0393-I-3

DATE: March 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Mt. Pleasant, South Carolina, for the appellant.

<u>Kimberly Kaye Ward</u>, Esquire, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed as a GS-13 Pharmacist at an agency medical center in Charleston, South Carolina. *Pittman v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-17-0393-I-1, Initial Appeal File (IAF), Tab 1 at 4, Tab 4 at 14. On November 4, 2016, the agency proposed her removal based on the following charges: (1) delay in patient care (4 specifications); (2) failure to timely respond to phone calls and/or other contacts (2 specifications); and (3) failure to timely perform duties (4 specifications). IAF, Tab 4 at 63-66. By letter dated March 3, 2017, the deciding official sustained the charges and found that removal was an appropriate penalty. *Id.* at 31-35.

The appellant filed this appeal of her removal with the Board. IAF, Tab 1. Following a hearing, the administrative judge issued an initial decision affirming the removal action.[2] *Pittman v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-17-0393-I-3, Appeal File (I-3 AF), Tab 15, Initial Decision (ID). She found that the agency proved all three charges. ID at 4, 6, 8. The

---

[2] The administrative judge had previously dismissed the appeal twice without prejudice to refiling. IAF, Tab 28, Initial Decision; *Pittman v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-17-0393-I-2, Appeal File (I-2 AF), Tab 22, Initial Decision.

administrative judge also found that the appellant did not prove her affirmative defenses of disability discrimination or violation of her due process rights.[3] ID at 9, 14. The administrative judge further determined that the agency did not hold the appellant to a higher performance standard than the standard that would have been required under chapter 43. ID at 9-10. Finally, the administrative judge found that the agency's action promoted the efficiency of the service and that removal was a reasonable penalty. ID at 14-16.

The appellant timely filed a petition for review, in which she challenges the administrative judge's findings that the agency proved its charges and that the agency-imposed penalty was reasonable. Petition for Review (PFR) File, Tab 1 at 19-23. She also argues that the agency used chapter 75 to circumvent her chapter 43 performance standards. *Id.* at 13. In addition, she reasserts her affirmative defense of disability discrimination based on a failure to accommodate. *Id.* at 5-7, 14-19. The agency has responded to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the agency proved its charges by preponderant evidence.

On review, the appellant asserts that she was not solely to blame for the incidents underlying the agency's charges. PFR File, Tab 1 at 8-9, 19-20. Specifically, she reasserts her argument that the malfunction of new telephone equipment, poor organization within the department, and the outsourcing of the processing of prescriptions were circumstances beyond her control which led to the delays in performing her duties. *Id.* at 19-20; I-3 AF, Tab 12 at 18-19. She does not link these assertions to the individual charges or specifications but

---

[3] The appellant does not challenge the administrative judge's finding that she did not prove a due process violation. Because the appellant does not raise this issue on review, and because we discern no basis for disturbing the administrative judge's determination that the agency did not violate the appellant's due process rights, we do not further address this affirmative defense.

generally argues that the agency failed to meet its burden because it could not prove she was specifically at fault. PFR File, Tab 1 at 20. We are not persuaded.

The Board must give deference to an administrative judge's credibility determinations when they are based explicitly or implicitly on the observations of witnesses testifying at hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge correctly resolved the credibility determinations in accordance with the factors set forth in *Hillen*.[4] She identified the factual questions in dispute, summarized the agency's charges, and then analyzed the evidence that the parties offered with respect to the charges. ID at 2-8. For each charge, as discussed below, the administrative judge stated that she believed the testimony of the agency's witnesses over that of the appellant, and explained why she found the appellant's testimony less credible. *Id.*

Regarding the first charge, delay of patient care, the agency alleged that, on four occasions, the appellant delayed faxing chemotherapy prescriptions to the Specialty Pharmacy for dispensing which, in turn, caused patients to experience delays. IAF, Tab 4 at 63-64. For the first specification, the administrative judge found that the appellant testified that the delay in faxing the prescription was an oversight on her part and, based on the appellant's testimony, sustained the specification. ID at 2. Regarding the second specification, the administrative judge observed that, while the appellant admitted that her fax transmission of the prescription was delayed, she attributed the delay to trouble with her fax machine.

---

[4] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as (1) the witness's opportunity and capacity to observe the event or act in question; (2) her character; (3) any prior inconsistent statement by the witness; (4) her bias, or lack of bias; (5) the contradiction of her version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of her version of events; and (7) her demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

ID at 3. The administrative judge did not credit the appellant's testimony and instead credited the testimony of the appellant's supervisor, who testified that the appellant had access to three other fax machines in the pharmacy that could have been used to timely fax the prescription. *Id*. In sustaining the third specification, the administrative judge noted that the appellant did not deny that she delayed transmitting the prescription. *Id*. While the administrative judge did not sustain the fourth specification, she found that the three specifications she did sustain were sufficient to sustain the delay of patient care charge. ID at 4. Given the administrative judge's explicit demeanor-based findings, we find that the appellant has failed to provide a sufficiently sound reason to disturb the administrative judge's findings that the agency proved its first charge. *See Haebe*, 288 F.3d at 1301.

As for the second charge, failure to timely respond to phone calls and/or other contacts, the agency alleged that the appellant failed to respond to voicemails from a patient regarding the status of his chemotherapy medication refill and failed to respond to the Specialty Pharmacy regarding information needed for a faxed prescription. IAF, Tab 4 at 64. The appellant alleges on review that other factors may have interceded, such as malfunctions of newly installed telephone equipment. PFR File, Tab 1 at 19-20. In sustaining this charge, the administrative judge considered the appellant's testimony that she did not know that she had received any voicemails and that she purposefully had not set up her voice mailbox to avoid being overwhelmed with voicemails, but did not find the appellant's testimony persuasive. ID at 5-6. The administrative judge did not find it reasonable for the appellant to have assumed, without confirming, that she had no voicemails, especially in light of the fact that she communicated with other pharmacies via telephone. ID at 6. Thus, the administrative judge considered the appellant's argument regarding the telephone system below and we find that the appellant has failed to provide a sufficiently sound reason to disturb

the administrative judge's credibility determinations on review. *See Haebe*, 288 F.3d at 1301.

For the third charge, failure to timely perform duties, the agency alleged that, on four occasions, the appellant failed to take actions that were needed to ensure medications were filled or refilled. IAF, Tab 4 at 64-65. On review, the appellant states that there was poor organization within her department, which may have led to her inability to timely perform her duties. PFR File, Tab 1 at 19-20. As to specification one, the administrative judge found that the appellant did not specifically deny that she delayed verifying a patient's information and that she neither offered testimony to refute the agency's evidence nor denied that it was her responsibility to verify such information. ID at 6. The administrative judge further found that the appellant admitted, both in her written reply and in her testimony, that specifications two, three, and four under this charge were due to oversights on her part. ID at 7-8. We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence for this charge, but we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Thus, the administrative judge properly found that the agency proved its charges and sustained the removal action.

### The administrative judge correctly found that the agency did not hold the appellant to a higher performance standard than that which would have been required under chapter 43.

On review, the appellant reasserts her argument that the agency used chapter 75 to circumvent her chapter 43 performance standards. PFR File, Tab 1

at 13; I-3 AF, Tab 12 at 8-13. Thus, she argues that the agency's measurement of her performance was not accurate and reasonable. PFR File, Tab 1 at 7-14. We are not persuaded.

It is well settled that it is within the agency's discretion to take action against an appellant under chapter 75, governing adverse actions, rather than under chapter 43, governing performance-based actions. *See Lovshin v. Department of the Navy*, 767 F.2d 826, 842-43 (Fed. Cir. 1985) (en banc). However, if the subject of an agency's charge is covered by a performance standard of the appellant's position, the agency may not impose a different standard in taking the chapter 75 action. *McGillivray v. Federal Emergency Management Agency*, 58 M.S.P.R. 398, 402 (1993). The administrative judge correctly considered this appeal as a chapter 75 action, and found that the agency was not circumventing chapter 43 by charging the appellant under chapter 75.[5] ID at 9-10. She found that, because the charge of delay in patient care was covered by a performance standard, the agency could not hold the appellant to a higher standard by taking a chapter 75 action. *Id.* The administrative judge further found that the agency did not hold the appellant to a higher performance standard than would have been required under chapter 43. *Id.* The appellant's assertions on review fail to provide a basis for disturbing the administrative judge's findings. *See Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359.

<u>The administrative judge properly found that the appellant failed to establish her affirmative defense of disability discrimination based on a failure to accommodate.</u>

On review, the appellant reasserts her claim that the agency initially granted her request to have an office with a window with natural light in October 2014, but that the accommodation was subsequently revoked. PFR File, Tab 1 at 5-7, 14-17; I-3 AF, Tab 12 at 5-6, 13-16. She also reasserts her argument that

___

[5] The agency's Standard Form 50 affecting the appellant's removal states that the action taken was a removal pursuant to chapter 75. IAF, Tab 4 at 14.

the agency failed to restructure her position or to conduct a job search for a position suitable for reassignment. PFR File Tab 1 at 17-19; I-3 AF, Tab 12 at 16-18. We find these arguments without merit.[6]

It is the appellant's burden to prove her claim of disability discrimination by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C). An agency must provide a reasonable accommodation to a qualified individual with an actual disability or a record of a disability. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 34 (2014). In order to establish a disability-based failure to accommodate claim, an appellant must show that: (1) she is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014); 29 C.F.R. § 1630.2(*o*)(4).

Here, the administrative judge found that the appellant was an individual with a disability who was granted a series of reasonable accommodations for her sleep apnea and narcolepsy in 2014 and 2015. ID at 11. Neither party disputes these findings on review. The administrative judge found, however, that the appellant failed to establish that she was a qualified individual with a disability. ID at 14. We agree.

To demonstrate that she is a qualified individual with a disability, the appellant must show that she could perform the essential functions of her position, with or without an accommodation, or that she could perform in a vacant funded position to which she could have been assigned. *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 11 (2014). The administrative

---

[6] The appellant also alleges that the administrative judge did not allow her to raise disability discrimination as an affirmative defense. PFR File, Tab 1 at 5. However, the record reflects that the administrative judge listed disability discrimination based on a failure to accommodate in the summary of the telephonic prehearing conference, to which the appellant did not object. I-2 AF, Tab 6 at 3-5. Furthermore, as set forth above, the administrative judge made findings on this issue. ID at 12-14. Thus, this argument is without merit.

judge found that the appellant was not a qualified individual with a disability because the appellant failed to demonstrate that she could perform the essential functions of her position with or without a reasonable accommodation. ID at 14. Specifically, the administrative judge found that the agency granted the appellant every accommodation she requested, yet the appellant still had performance deficiencies and was not able to perform some of the essential functions of her position. *Id.* The administrative judge also found that the appellant did not introduce any evidence that she requested that her position be restructured or offer any evidence on how her position could have been restructured. ID at 10. Furthermore, while the appellant argues that she made multiple efforts to be reassigned to a different position, she did not offer any evidence in support of such an assertion and, as the administrative judge observed, the record does not reflect any position the appellant could have performed not involving patient care. ID at 16; s*ee Clemens,* 120 M.S.P.R. 616, ¶ 17 (finding that the appellant bears the ultimate burden of proving that there was a position the agency would have found and could have assigned to her). Thus, we agree with the administrative judge that the appellant failed to demonstrate that she was a qualified individual with a disability.[7] ID at 14.

---

[7] Additionally, even if we found that the appellant was a qualified individual with a disability, we would affirm the administrative judge's finding that the agency did not fail to provide the appellant's requested reasonable accommodations. ID at 14. As observed by the administrative judge, the record reflects that the appellant was provided the reasonable accommodations she requested. ID at 11; IAF, Tab 4 at 70-82. On review, the appellant does not dispute that that these reasonable accommodations were provided. PFR File, Tab 1 at 6-7. While she argues that her reasonable accommodation of having an office with a window with natural light was subsequently revoked when she was placed on a detail from her permanent position, *id.* at 5-7, 14-17, the administrative judge found that the appellant testified that she had access to a window with natural light while she was on detail, ID at 13. Thus, although the appellant did not have a private office with a window, she still had access to, and was allowed to work at, a workspace which included her needed accommodation. *See Miller,* 121 M.S.P.R. 189, ¶ 21 (finding that the appellant was not entitled to the accommodation of her choice and that the agency acted within its discretion to offer her reasonable and effective accommodations).

<u>The administrative judge correctly found that the agency met the nexus requirement and that the penalty of removal was reasonable.</u>

The nexus requirement, for purposes of determining whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish her duties satisfactorily or some other legitimate Government interest. *Scheffler v. Department of Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). The administrative judge found that there was a nexus between the appellant's misconduct and the efficiency of the service. ID at 14-15.

The appellant alleges on review that her removal does not promote the efficiency of the service due to her past satisfactory work performance and length of service. PFR File, Tab 1 at 20-21. There is a sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred at work. *Scheffler*, 117 M.S.P.R. 499, ¶ 10. Here, the sustained misconduct directly pertained to the appellant's work for the agency. IAF, Tab 4 at 63-66. Under the circumstances, the appellant has not shown that the administrative judge erred in finding that nexus was established. Further, her arguments regarding her past work performance and length of service were properly considered as mitigating factors in the penalty analysis, as discussed below.

On review, the appellant alleges that the deciding official failed to consider mitigating factors, including the impact of the appellant's medical condition and the agency's failure to provide reasonable accommodations, her 10 years of service with the agency, her past satisfactory work performance, her lack of prior discipline, her potential for rehabilitation, and the agency's failure to consider a lesser punishment than removal. PFR File, Tab 1 at 21-23. When, as here, all the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of

reasonableness.[8]  *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 25 (2014).  In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency.  *Id*.  The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness.  *Id*.

As the administrative judge found, the deciding official considered aggravating factors, including the seriousness of the conduct and its impact on patients, the deciding official's loss of confidence in the appellant's ability to carry out her duties, the appellant's failure to accept responsibility and/or express remorse for her conduct, and the effect her actions had on the reputation of the patient care among the veterans the medical center serves, in reaching his decision that removal was the proper penalty.  ID at 15-16; I-3 AF, Tab 6, Hearing Recording (HR) (testimony of the deciding official); IAF, Tab 4 at 36-38.  Further, the deciding official specifically took into consideration relevant mitigating factors, such as the appellant's length of service with the agency, her lack of prior discipline, her past performance record, and the appellant's medical condition and reasonable accommodations, but determined that these mitigating factors did not overcome the gravity of the charged misconduct.  ID at 15-16; HR (testimony of the deciding official); IAF, Tab 4 at 36-38.  The deciding official also considered whether to impose an alternative sanction but determined that an alternative penalty was not appropriate because the serious nature of the appellant's conduct rendered management unable to trust her to maintain quality care for patients.  HR (testimony of the deciding official); IAF, Tab 4 at 38.

---

[8] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

In light of the above, we agree with the administrative judge that the deciding official correctly weighed the relevant *Douglas* factors, and that the penalty of removal was reasonable. *See L'Bert v. Department of Veterans Affairs*, 88 M.S.P.R. 513, ¶¶ 17-23 (2001) (finding removal to be an appropriate penalty where the appellant failed to carry out her "preregistration" responsibilities by not making patient contact, endangering their safety); *Tobochnik v. Veterans Administration*, 9 M.S.P.R. 82, 83-85 (1981) (finding that the penalty of removal did not exceed the bounds of reasonableness when the serious nature of the employee's misconduct could reasonably be expected to adversely affect cancer patients).

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.